IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MORER LEE | * |
| v. | * |
| | * Civil Action No. WMN-09-2111 |
| CHUCK WINEBRENNER | * |

**<u>MEMORANDUM</u>**

Plaintiff Morer Lee is a resident of New York State who owns a piece of property in Cumberland, Maryland. According to the Complaint, Defendant Chuck (Charles) Winebrenner is a "code officer" employed by the Community Development Department of Cumberland. Plaintiff states that on August 12, 2006, Defendant hired several individuals to go onto Plaintiff's property and remove some construction materials, grass clippings, and other personal belongings, presumably to remedy an alleged code violation. Defendant later charged Plaintiff $531.00 for the cost of removing the material. Plaintiff filed this action asserting that Defendant's conduct constituted "criminal trespass and robbery" and violated his civil rights. Compl. ¶¶ 9, 10. In the Complaint, Plaintiff asserts this Court has jurisdiction based upon diversity of citizenship as well as the presence of a federal question.

Defendant has filed a motion to dismiss. Paper No. 8. In moving to dismiss this action, Defendant relates that this is

the fifth time that Plaintiff has attempted to invoke the jurisdiction of this Court over his dispute with the City of Cumberland concerning this piece of property. In 2005, Plaintiff removed a condemnation action filed by the City asserting that this Court had diversity and federal question jurisdiction over the action. <u>Mayor and City Counsel of Cumberland v Lee</u>, Civil Action No. CCB-05-2923 (D. Md.). Taking into consideration the $1000.00 price that Plaintiff paid for the property and the amount he claimed to have spent in repairs, Judge Blake determined that there was no evidence that the value of the property at issue could possibly exceed the $75,000 amount in controversy requirement. <u>Id.</u> (May 15, 2006, Memo. at 5).[1] In 2007, Plaintiff removed an ejectment action that the City had brought against him. <u>City of Cumberland Commmunity Development v. Lee</u>, Civil Action No. CCB-07-773 (D. Md.). Noting this action's relation to the prior action, Judge Blake remanded the case to state court concluding that it was "conclusively determined" that the amount in controversy did not exceed the jurisdictional amount. <u>Id.</u> (May 21, 2007, Order).

In 2008, Plaintiff removed an action to this Court that had been brought by the City to execute a judgment against

---

[1] Judge Blake also opined that Plaintiff's claim that the City was taking his property without just compensation could not support this Court's jurisdiction as it was raised merely as a defense.

Plaintiff. This judgment arose out of a citation issued to Plaintiff for failure to properly maintain his property. Mayor and City Council of Cumberland v. Lee, Civil Action No. L-08-2081 (D. Md.). Judge Legg remanded the action to state court upon a finding of an "absence of jurisdiction." Id. (Sept. 18, 2008, Order).

Most recently, Judge Bennett dismissed a case brought by Plaintiff in this Court against the administrative judge that presided over a collection action brought by the City to recover the same $531.00 that is at issue in this case. Lee v. Malloy, Civil Action No. RDB-09-2868 (D. Md.). Plaintiff alleged that Judge Malloy mislead Plaintiff by stating that he had issued Winebrenner, the defendant in this action, a permit to enter Plaintiff's property on August 12, 2006. Plaintiff claimed that by the time he learned that Judge Malloy had never issued such a permit, the time to appeal the judgment against him had expired. In bringing the action against Judge Malloy, Plaintiff asserted diversity and federal question jurisdiction using language nearly identical to that used in the instant complaint. Judge Bennett dismissed the case holding that no question of federal law was presented and, as previously determined by Judges Blake and Legg, the amount in controversy was insufficient to support diversity jurisdiction.

In opposing the motion to dismiss, Plaintiff protests defense counsel's referral to these previous actions, arguing that this case relates to different issues and this "different case should be treated differently and independently." Opp'n at 1. Plaintiff's opposition, however, appears to make the same error and raises issues from the previous case that are irrelevant to his current claim. For example, in trying to establish that he has met the amount in controversy requirement for diversity jurisdiction, he discusses at length the fair market value of his property. Opp'n at 5. This discussion may have been relevant to the earlier condemnation action, but it is not relevant here.

Turning to the specific claim in this action, that Winebrenner hired individuals to enter Plaintiff's property and remove certain items unlawfully, this Court finds that it has neither diversity nor federal question jurisdiction. As for diversity jurisdiction, the amount in controversy is limited to the $531.00 that Plaintiff was charged for the cleanup, plus the value of the items removed from the property. Plaintiff gives no indication exactly what items were removed, but it is inconceivable that the grass clippings, construction materials and other materials lying about the property could be worth more than $74,469.00.

As to federal question jurisdiction, it is difficult to discern what federal law or federal constitutional provision Plaintiff is alleging gave rise to this suit. The only federal law or constitutional provision cited in the Complaint is the Fifth Amendment. Compl. ¶ 3.[2] Plaintiff's invocation of the Fifth Amendment, however, would appear to be simply a holdover from his "taking-without-just-compensation" defense proffered in the condemnation proceeding.

The true gravamen of Plaintiff's claim against Winebrenner as expressed in the Complaint is that of "trespass and theft." Id. ¶ 9. Plaintiff reiterates that this is the nature his claim in his opposition: "Plaintiff brought [this] lawsuit for Defendant's trespass, theft and robbery." Opp'n at 2; see also id. at 1 ("Plaintiff alleges that the Defendant committed trespass, theft, criminal trespass and robbery"). Trespass and theft, however, while actionable under state law, do not in and of themselves constitute constitutional violations, even when committed by a governmental actor. Kelly v. Bencheck, 921 F. Supp. 1465, 1469 (E.D.N.C. 1996). As one court has noted,

> While the due process clause of the fourteenth amendment and the Civil Rights Act protect "property" rights as well as "personal" rights, a trespass to property, negligent or intentional, is merely a common

---

[2] While Plaintiff does not so indicate, it is assumed that Plaintiff is attempting to bring this constitutional claim under 42 U.S.C. § 1983, the Civil Rights Act of 1871, which is the method created for vindicating federal constitutional rights.

5

> law tort and does not infringe the federal
> Constitution.  More is needed than a naked averment
> that a tort was committed under the color of state law
> for a claim to be cognizable under the Civil Rights
> Act.  The wrongdoing must amount to a deprivation of a
> right, privilege or immunity protected by the
> Constitution or the laws of the United States.  It was
> not intended by the fourteenth amendment or the Civil
> Rights Act that trespass to property, normally within
> the exclusive cognizance of the states, should become
> a matter of national concern.

<u>KAO v. Red Lion Municipal Auth.</u>, 381 F. Supp. 1163, 1166 (M.D. Pa. 1974).

Here, Plaintiff alleges nothing more than common law torts that can be remedied under state law and procedures.  Plaintiff has provided no grounds that would implicate a right protected by the United States Constitution in the instant case.  Accordingly, the Court concludes that it has no federal question jurisdiction over this suit.

For these reasons, the Court will grant Defendant's motion to dismiss.  A separate order will issue.

```
                      _____/s/_____
                      William M. Nickerson
                      Senior United States District Judge
```

DATED: September 1, 2010